# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL CASE NO. 3:09CV294-RJC-DSC

| | |
|---|---|
| ROY LANE CAMPBELL, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>SCOTT ATTAWAY, and DOES 1 )<br>THROUGH 49, )<br>)<br>Defendants. )<br>_____ ) | **MEMORANDUM AND RECOMMENDATION<br>AND ORDER** |

**THIS MATTER** is before the Court on the following Motions and memoranda:

1. Defendant Scott Attaway's "Motion to Dismiss" (document #12) filed August 31, 2009 and "Motion to Stay Discovery" (document #14) filed September 11, 2009;

2. The pro se Plaintiff's "Motion to Strike Declaration of Scott Attaway" (document #16) and "Motion to Strike Declaration of Ben Blackburn" (document #17), both filed September 15, 2009;

3. Plaintiff's "Motion for Early Discovery from Non Party(s) ..." (document #20) filed September 25, 2009;

4. Plaintiff's "Motion to Dismiss Defendant's Motion to Stay Discovery" (document #22) filed September 28, 2009;

5. Plaintiff's "Motion for Leave to File [Second] Amended Complaint" (document #26) filed October 13, 2009; and

6. The parties' associated briefs and exhibits (documents ## 13, 15, 18-19, 21, 23, and 25).

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §

636(b)(1)(B), and these Motions are now ripe for the Court's consideration.

Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that Defendants' Motion to Dismiss the Amended Complaint be <u>granted</u>. The Court will <u>grant</u> Defendant's "Motion to Stay Discovery" and <u>deny</u> Plaintiff's Motions, as discussed below.

## I. PROCEDURAL AND FACTUAL BACKGROUND

<u>Pro se</u> Plaintiff Roy Lane Campbell owns and operates a used car dealership in Lowell, North Carolina. Defendant Scott Attaway is the Planning Director for the City of Lowell. On July 17, 2009, pursuant to his responsibilities as Planning Director, Defendant conducted an inspection of Plaintiff's property.

As a result of the inspection, on July 19, 2009, Defendant sent Plaintiff a Notice of Violation letter. Plaintiff was notified that he was in violation of Section 8 of the City of Lowell Code of Ordinances because his property contained "junked vehicles" as defined by N.C. Gen. Stat. 160A-303.2. Plaintiff was given 10 days – until July 30 – to correct the violations or the City would consider seeking further remedies. The letter further directed Plaintiff to contact Defendant's office upon receipt of the Notice to discuss the violations.

Instead of contacting the Planning Department as directed, Plaintiff responded to the Notice of Violation by filing a Complaint in the United State District Court for the Western District of North Carolina on the following day. Defendant's Declaration and the Declaration of City Manager Ben Blackburn establish that Plaintiff never contacted Defendant to discuss the Notice, nor did he ever pursue his administrative remedies, including a hearing before the Lowell City Council as

2

described in the Lowell Code of Ordinances § 8-18(b).

On July 28, 2009, Plaintiff filed an Amended Complaint, which essentially complains of the removal of the vehicles by the City of Lowell under the City of Lowell Code of Ordinances § 8-17.

On August 31, 2009, Defendant filed his Motion to Dismiss, contending that there is no basis for federal subject matter jurisdiction because Article 3 of the City of Lowell Code of Ordinances contains an administrative procedure for appealing a Notice of Violation, which Plaintiff failed to utilize, much less exhaust.

Plaintiff has responded to Defendant's Motion with five Motions. The essence of three of Plaintiff's Motions – "Motion to Strike Declaration of Scott Attaway," "Motion to Strike Declaration of Ben Blackburn," and "Motion for Early Discovery from Non Party(s)" – is to argue that the Court should excuse Plaintiff's failure to exhaust his administrative remedies. Plaintiff fails to provide any authority in support of this argument. Plaintiff's fourth "Motion" – entitled "Motion to Dismiss Defendant's Motion to Stay Discovery" – is actually a brief opposing Defendant's Motion to Stay Discovery.

In his "Motion for Leave to File [Second] Amended Complaint," Plaintiff seeks leave to file an Amended Complaint which would recast the same facts discussed above as a 42 U.S.C. § 1983 claim for violation of his rights under the Equal Protection Clause of the 14th Amendment to the United States Constitution.

The parties' Motions are ripe for disposition.

---

## II. DISCUSSION OF CLAIM

### A. Motion to Dismiss

It is well settled that plaintiffs must exhaust their administrative remedies under state law before suing in federal court. Patsy v. Board of Regents of the State of Florida, 457 U.S. 496 (1982); Illinois Commerce Comm. v. Thomson, 318 U.S. 675 (1943);Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction § 4233.

The process for removing abandoned and junked motor vehicles is governed by Article 3 of Section 8 of the City of Lowell Code of Ordinances. Under Article 3, the city building inspector or other designated public official is responsible for the removal of "junked motor vehicles" located on private property. City of Lowell Code of Ordinances § 8-13. After an inspection of the property, the public official responsible may order the removal of a junked motor vehicle from private property. Id. at § 8-17(b). However, before removal occurs, notice must be given to the registered owner or persons entitled to possession of the vehicle. Id. at § 8-18(a). The notice must state that "the vehicle will be removed by the city on a specified date, no sooner than seven (7) days after the notice is affixed or mailed, unless the vehicle is moved by the owner or legal possessor prior to that time." Id.

Upon receipt of the notice, the owner of a junked motor vehicle may choose to appeal the determination that the vehicle in question is a junked motor vehicle. Id. at § 8-18(b). If the owner chooses to appeal, "such appeal shall be made to the city council in writing, heard at the next regularly scheduled meeting of the city council, and further proceedings to remove the vehicle shall be stayed until the appeal is heard and decided." Id.

Accordingly, where Plaintiff refused to comply with the administrative appeal process, the state law claims pled in his Amended Complaint are barred and the undersigned respectfully recommends that Defendant's Motion to Dismiss be granted. For the same reasons, the undersigned denies Plaintiff's "Motion to Strike Declaration of Scott Attaway," "Motion to Strike Declaration of Ben Blackburn," "Motion for Early Discovery from Non Party(s)"and "Motion to Dismiss Defendant's Motion to Stay Discovery."

**B. Motion to Amend**

The Fourth Circuit has stated that "under Rule 15(a) leave to amend shall be given freely, absent bad faith, undue prejudice to the opposing party, or futility of amendment." U.S. v. Pittman, 209 F.3d 314, 317 (4th Cir. 2000).[1] However, "the grant or denial of an opportunity to amend is within the discretion of the District Court." Pittston Co. v. U.S., 199 F.3d 694, 705 (4th Cir. 1999).

As discussed above, in his Motion to Amend, Plaintiff seeks to rescue his administratively barred state law claims by recasting them as a § 1983 Equal Protection claim.

To state an equal protection claim, a plaintiff must plead sufficient facts to "demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination."Williams v. Hansen, 326 F.3d 569, 576 (4th Cir. 2003) (quoting Morrison v. Garraghty, 239 F.3d 648, 654 (4th Cir. 2001)).

Although Plaintiff complains in his proposed Second Amended Complaint that he has been treated differently than other businesses, he has failed to allege any facts that would even support

---

[1] Federal Rule of Civil Procedure 15(a) provides in relevant part that:

a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served.... Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

5

an inference of unequal treatment resulting from intentional or purposeful discrimination. Accordingly, the undersigned concludes that the amendments contained in the proposed Second Amended Complaint would be futile, and Plaintiff's Motion for Leave to Amend is <u>denied</u>.

### III. <u>ORDER</u>

**IT IS HEREBY ORDERED** that Defendant's "Motion to Stay Discovery" (document #14) is **GRANTED**, that is, all discovery is **STAYED** pending the District Court's ruling on this Memorandum and Recommendation and Order.

**IT IS FURTHER ORDERED** that Plaintiff's "Motion to Strike Declaration of Scott Attaway" (document #16), "Motion to Strike Declaration of Ben Blackburn" (document #17), "Motion for Early Discovery from Non Party(s) ..." (document #20), "Motion to Dismiss Defendant's Motion to Stay Discovery" (document #22), and "Motion for Leave to File [Second] Amended Complaint" (document #26) are **DENIED**.

### IV. <u>RECOMMENDATION</u>

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that the Defendant's "Motion to Dismiss" (document #12) be **GRANTED** and that Plaintiff's Amended Complaint be **DISMISSED**.

### V. <u>NOTICE OF APPEAL RIGHTS</u>

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this

Memorandum must be filed within ten (10) days after service of same.  Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989); United States v. Rice, 741 F. Supp. 101, 102 (W.D.N.C. 1990).  Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Court.  Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder, 889 F.2d at 1365.  Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal.  Diamond, 416 F.3d at 316; Wells, 109 F.3d at 201; Page, 337 F.3d at 416 n.3; Thomas v. Arn, 474 U.S. 140, 147 (1985); Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation and Order to the pro se Plaintiff; to counsel for Defendant; and to the Honorable Robert J. Conrad, Jr.

**SO ORDERED AND RECOMMENDED**.

Signed: November 4, 2009

David S. Cayer
United States Magistrate Judge