UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:09-cv-294-RJC-DSC

| | |
|---|---|
| ROY LANE CAMPBELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| SCOTT ATTAWAY, individually and as ) | ORDER |
| an employee of the City of Lowell, NC, ) | |
| ) | |
| and ) | |
| ) | |
| JOHN DOES 1 through 49, unknown at ) | |
| time of filing, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** is before the Court on defendant's motion to dismiss (Doc. No. 12). The Court has reviewed the Magistrate Judge's Memorandum and Recommendation and Order ("MR&O") (Doc. No. 29) as well as all the relevant filings (Doc. Nos. 13 through 23, 25, 26, and 30 through 32). The matter is now ripe for determination.

## I. BACKGROUND

Plaintiff has objected to the Magistrate Judge's recommendation that defendant's motion to dismiss should be granted, and he has objected to each of the Magistrate Judge's orders on the non-dispositive motions at issue. There were no objections to the facts as found by the Magistrate Judge, and this Court thus adopts the facts as stated on pages two and three of the MR&O.

## II. STANDARD OF REVIEW

The district court has authority to assign non-dispositive pretrial matters pending before the court to a magistrate judge to "hear and determine." 28 U.S.C. § 636(b)(1)(A). When reviewing an

objection to a magistrate judge's order on a non-dispositive matter, the district court must set aside or modify any portion of that order which is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a). A motion to amend the complaint is generally viewed as a non-dispositive motion, and thus is reviewed under Rule 72(a). Pagano v. Frank, 983 F.2d 343, 346 (1st Cir.1993). If a magistrate judge's order is contrary to law, then the judge must have failed to apply or misapplied statutes, case law, or procedural rules. See Catskill Dev. LLC v. Park Place Entm't Corp., 206 F.R.D. 78, 86 (S.D.N.Y. 2002).

Alternatively, the district court may assign dispositive pretrial matters pending before the court to a magistrate judge for "proposed findings of fact and recommendations." 28 U.S.C. § 636(b)(1)(B). The Federal Magistrate Act provides that "a district court shall make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection is made." Id. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). However, "when objections to strictly legal issues are raised and no factual issues are challenged, de novo review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir.1982). Similarly, de novo review is not required by the statute "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Id. Moreover, the statute does not on its face require any review at all of issues that are not the subject of an objection. Thomas v. Arn, 474 U.S. 140, 149 (1985); Camby, 718 F.2d at 200. Nonetheless, a district judge is responsible for the final determination and outcome of the case, and accordingly the Court has conducted a careful review of the Magistrate Judge's MR&O.

## II. DISCUSSION

The Court has reviewed de novo the Magistrate Judge's recommendation that the Court should dismiss the plaintiff's amended complaint. See Fed. R. Civ. P. 72(b). After a thorough review of the filings and the relevant law, the Court finds the Magistrate Judge's recommendation is well-reasoned and legally appropriate. Plaintiff has failed to exhaust his administrative remedies, and therefore this Court has no subject matter jurisdiction over the claims. Patsy v. Board of Regents, 457 U.S. 496 (1982). Further, after reviewing the Magistrate Judge's multiple orders contained in the MR&O, the Court finds no error in any of them. The orders are thus neither clearly erroneous nor contrary to law, and the Court will not set these orders aside. See Fed. R. Civ. P. 72(a).

The Magistrate Judge correctly determined all the legal issues addressed in the MR&O, and the Court adopts the MR&O as the decision of this Court for all purposes relating to this action.

## III. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Defendant's motion to dismiss (Doc. No. 12) is **GRANTED**; and

2. Plaintiff's amended complaint is **DISMISSED**.

Signed: January 6, 2010

Robert J. Conrad, Jr.
Chief United States District Judge